UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. ARZAGA, | No. 2:16-cv-0151 AC P |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW CATE, et al., | |
| Defendants. | |

I.   Introduction

Plaintiff is a state prisoner at Kern Valley State Prison, under the authority of the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff proceeds pro se with a putative civil rights complaint entitled "Citizen Complaint For: Rape, Torture, Extortion, Hostage Kidnap" et seq. See ECF No. 1.  Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), and Local Rule 305(a).  See ECF No. 4.

For the reasons set forth below, the court dismisses this action as frivolous and for failure to state a potentially cognizable claim.  See 28 U.S.C. § 1915A.  The court denies as moot plaintiff's request to proceed in forma pauperis, ECF No. 6, and numerous other motions.

////

////

II. Screening of Plaintiff's Complaint

A. Legal Standards

This court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B.    Screening

In his complaint, plaintiff names approximately 39 defendants. See ECF No. 1, 4-5. The complaint summarily asserts claims for rape, torture, extortion, kidnap with hostage and ransom, "medical/hate crime/negligence . . . 420 counts," violations of due process, intimidation of witnesses, obstruction of justice, impersonating an FBI officer, bribery, theft, robbery, and more. In addition to seeking damages in the amount of "$100 million," plaintiff seeks, inter alia, a medical examination to locate the transmitter in his body and the camera lenses in his eyes.

In a "supplement" to the complaint filed August 29, 2016, plaintiff names 22 defendants, including newly-named defendants California Health and Welfare Agency and San Joaquin General Hospital. See ECF No. 22. Plaintiff alleges that he has suffered "rape, torture, or sodomy" by defendants, causing "gruesome foreign objects forced and left in plaintiff," and resulting in plaintiff contracting Hepatitis C. Plaintiff contends that he has been denied adequate medical and mental health care, and seeks "$250 million" in damages.

Plaintiff has filed numerous motions, including the following:

- Motions for injunctive relief seeking, inter alia, "to obtain relevant forensic evidence located inside the plaintiff's body forced by thee defendant(s)," ECF No. 7 at 10 (sic); and a temporary restraining order directing defendants to refrain from engaging in "retorial (sic) misconduct," and "terrorist threats," ECF No. 14 at 2;
- Motion for default judgment against the unserved defendants, ECF No. 12;
- Motion for summary judgment, including 29 alleged claims, ECF No. 13 at 19-20, and 18 pages of string citations, id. at 3-19;
- Motion for all relevant evidence, ECF No. 16;
- Motion to appear before the Magistrate Judge, ECF No. 19:
- Motions to compel discovery, ECF Nos. 20, 21; and
- Motion to appoint counsel, ECF No. 23.

The undersigned finds that plaintiff's allegations – as set forth in his complaint and numerous additional filings – are fanciful and therefore legally frivolous; this action lacks any basis in fact or in law. See Neitzke, supra, 490 U.S. at 325; Franklin, 745 F.2d at 1227-28. The

3

court also finds that amendment of the complaint would be futile. Noll, 809 F.2d at 1448. Therefore, plaintiff's complaint will be dismissed without leave to amend; plaintiff's numerous motions will be denied as moot; and the Clerk of Court will be directed to close this case. Dismissal of this case shall count as a "strike" under 28 U.S.C. § 1915(g).[1]

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is dismissed without leave to amend.

2. Plaintiff's numerous additional motions, ECF Nos. 6, 7, 12, 13, 14, 16, 19, 20, 21, 23, are denied as moot.

3. This action is dismissed.

4. Dismissal of this case shall count as a "strike" under 28 U.S.C. § 1915(g).

5. The Clerk of Court is directed to close this case.

SO ORDERED.

DATED: October 25, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), a prisoner who has had three or more cases dismissed as frivolous, malicious, or for failure to state a claim, is precluded from proceeding in forma pauperis in a new action unless the complaint demonstrates that plaintiff was under "imminent danger of serious physical injury" at the time he filed the complaint. See 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047 (9th Cir. 2007).